UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WILLIAM RYAN HOMES
OF WISCONSIN, INC.,**

        **Plaintiff,**

        v.          Case No. 05-C-981

**HERITAGE DEVELOPMENT
OF WISCONSIN, LLC.,**

        **Defendant.**

## DECISION AND ORDER

On July 25, 2005, William Ryan Homes of Wisconsin, ("WRH"), filed a complaint against Heritage Development of Wisconsin, ("Heritage"), in Milwaukee County Circuit Court alleging Heritage breached a contact and seeking declaratory judgment. (Docket No. 1 at 8-13.) Heritage was served on with the summons and complaint on August 11, 2005, and on September 12, 2005 Heritage filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Docket No. 1 at 1.)

On September 14, 2005, the Honorable Thomas J. Curran noted that the notice of removal failed to establish a basis for diversity jurisdiction and therefore ordered WRH to file an amended notice of removal within seven days or that this action would be remanded. (Docket No. 4.) On September 15, 2005, WRH filed an amended notice of removal and on September 16, 2005, this case was reassigned to this court upon all parties consenting the full jurisdiction of a magistrate judge.

On September 19, 2005, Heritage answered the complaint and filed a counterclaim similarly alleging a breach of contract and seeking declaratory judgment. (Docket No. 7.) On November 10,

2005, WRH moved for summary judgment, which the court denied on November 17, 2005 as premature. Following a period for discovery and a suspension on discovery during that period to facilitate settlement discussions, on November 9, 2006, WRH moved for summary judgment. On December 18, 2006, Heritage responded and similarly moved for summary judgment, and on January 9, 2007, WRH submitted a combined response and reply brief. The pleadings on the parties' motions are closed and the matters are ready for resolution.

## JURISDICTION

In its brief in opposition to WRH's motion for summary judgment, Heritage first argues that this court is without jurisdiction over Heritage because WRH's service of the complaint was improper. (Docket No. 53 at 7). WRH served Joe Eldridge (Heritage has spelled his last name "Eldridge" whereas his name is spelled "Eldredge" in the WRH's briefs and in the affidavit of service (Docket No. 1 at 5); the court shall refer to him as "Eldridge"), a Wisconsin resident and an employee of Heritage Development of Wisconsin, LLC. (Docket No. 53 at 7.) Eldridge was the registered agent for Heritage Development of Wisconsin, *Inc*. However, Heritage Development of Wisconsin, *LLC* is named as the defendant in the present action. Edward Joe Dobbs, a Minnesota resident, was Heritage Development of Wisconsin, LLC's registered agent. (Docket No. 53 at 7.) Heritage Development of Wisconsin, Inc. wholly owns Heritage Development of Wisconsin, LLC. Heritage first raised its challenges relating to lack of personal jurisdiction due to the insufficiency of service as affirmative defenses in its answer. (Docket No. 9 at 3-4.)

Whether or not service of process was sufficient so as to provide a federal court with jurisdiction over a matter removed from state court depends upon whether the state court would have had jurisdiction if the matter remained in state court. Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 382 (1922). A defendant does not waive any defense or objection to personal jurisdiction based upon an alleged deficiency in service of process simply by removing an action

2

from state court. Freeman v. Bee Mach. Co., 319 U.S. 448, 449 (1943); Wabash Western Railway v. Brow, 164 U.S. 271, 276-78 (1896); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2004). However, if a defendant fails to raise this procedural defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), or if no motion is made, in a responsive pleading, then the procedural defense is waived. Fed. R. Civ. P. 12(h)(1).

WRH argues that service was proper under Wisconsin Statute § 801.11(5)(a), which states that service may be effected upon a limited liability company

> [b]y personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

"The service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction, notwithstanding actual knowledge by the defendant." Chilcote v. Shertzer, 372 F. Supp. 86, 88 (E.D. Wis. 1974) (quoting Span v. Span, 52 Wis. 2d 786, 789, 191 N.W. 2d 209, 211 (1971)).

There is no allegation that Eldridge was an "officer, director or managing agent" of Heritage Development of Wisconsin, LLC. Rather, WRH's argument appears to be that Heritage Development of Wisconsin, Inc. was an "officer, director or managing agent" of Heritage Development of Wisconsin, LLC and therefore, service upon Eldridge was proper service for Heritage Development of Wisconsin, LLC because he was a "person who [was] apparently in charge of the office."

There appears to be no dispute that Eldridge, as a person authorized to receive process on behalf of Heritage Development of Wisconsin, Inc, was a person who was apparently in charge of Heritage Development of Wisconsin, Inc.'s office. Nonetheless, the court is presented with no

3

authority that would suggest that service upon a person apparently in charge of the office of a corporation that wholly owns the defendant company is sufficient to establish personal jurisdiction over the defendant company.

Although the court has serious doubts as to whether the Wisconsin legislature intended to permit service upon a parent entity to be sufficient to constitute service upon a subsidiary entity, the court need not resolve this issue because even if the court were to accept the plaintiff's interpretation of the statute, the plaintiff nonetheless failed to comply with the statute. When an officer, director or managing agent is not personally served, § 801.11(5)(a) permits that a copy of the summons may be left "in the office of such officer, director or managing agent with the person who is apparently in charge of the office." The affidavit of service states that Eldridge was served at his residence, not the office of Heritage Development of Wisconsin, Inc. (Docket No. 1 at 5.) Thus, service was improper, and therefore the court shall turn to the question of whether Heritage has waived its objection to this deficiency.

WRH argues that Heritage has waived any objection to any insufficiency in the service of process by stating in its notice of removal that it was served on August 11, 2005 and by invoking the jurisdiction of the court in filing a counterclaim.

WRH argues that Heritage's statement that it was served constitutes a judicial admission and therefore is foreclosed from contradicting it. A judicial admission is "[a]n express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact . . . ." Fletcher v. Eagle River Memorial Hosp., Inc., 156 Wis. 2d 165, 175, 456 N.W.2d 788, 793 (1990 (quoting 9 Wigmore, *Evidence*, § 2588 (Chadbourne rev. 1981)). Judicial admissions must be "clear, deliberate, and unequivocal." Id. at 174, 456 N.W.2d at 793. For an attorney's alleged statement to constitute a judicial waiver, in making the statement the attorney must have been intending to waive "the opponent's proof of the fact and not merely [making] a

4

statement of assertion or concession . . . for some independent purpose." Id. at 176, 456 N.W.2d at 794 (quoting Wigmore, § 2594(2). Under Wisconsin law, it is within the court's discretion to treat a statement as a judicial admission.

In addition to not being presented with any authority to suggest that judicial admissions should apply to such a statement regarding the sufficiency of process, the court finds that there is insufficient reason to conclude that this statement in its notice of removal regarding service is sufficient to constitute a judicial admission. The purpose of the statement in the notice of removal was to establish that the notice of removal was timely. Were it to also serve as an admission of proper service, there would have been no need to raise this issue as an affirmative defense in the defendant's answer. Thus, the court is unwilling to conclude that the defendant's statement constitutes a judicial admission precluding further argument regarding the sufficiency of service.

Finally, turning to WRH's argument that Heritage waived its objection to the personal jurisdiction of the court by filing a counterclaim, the court agrees with the majority of courts and holds that the filing of a counterclaim does not waive an objection to jurisdiction based upon an alleged insufficiency of service of process.

Heritage cites Globig v. Greene & Gust Co., 193 F. Supp. 544, 549 (E.D. Wis. 1961), a case in which the defendant brought in a third party. The court held that "a party, when he counterclaims, cross-claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction." Even though factually distinguishable from the present case, this holding is distinctly the minority view of courts that have more recently considered the issue. See, e.g., Rates Tech., Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1308 (Fed. Cir. 2005) ("[F]iling a counterclaim, compulsory or permissive, cannot waive a party's objections to personal jurisdiction, so long as the requirements of Rule 12(h)(1) are satisfied."); Bayou Steel Corp. v. M/V Amstelvoorn, 809 F.2d 1147, 1149 (5th

5

Cir. 1987) ("We now adopt what we consider to be the better reasoned and prevailing view, and hold that the filing of a counter-claim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction . . . ."); Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131, 132 (D.C. Cir. 1984) ("The holding that a defendant may not state in an answer both a jurisdictional defense and a counterclaim is inconsistent with the design and purpose of the pleading prescriptions set out in the Federal Rules of Civil Procedure."); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984) ("Rule 12(b) of the Federal Rules of Civil Procedure implicitly authorizes a defendant to join a jurisdictional defense with a counterclaim without waiving this defense."); Neifeld v. Steinberg, 438 F.2d 423, 428 (3d Cir. 1971) ("Although Rule 12(b) does not specifically shield these jurisdictional defenses, the Rule implicitly authorizes a defendant to join these defenses with a counterclaim without waiving these defenses.")

It does not appear that the Seventh Circuit has directly addressed this issue. In Knapp-Monarch Co. v. Dominion Electric Corp., 365 F.2d 175, 177 (7th Cir. 1966), the plaintiff argued that the defendant waived any argument regarding improper venue when it filed a counterclaim. The court rejected this argument noting that the counterclaim was filed only after the district court denied the defendant's motion to dismiss for improper venue. Id. However, district courts within the Seventh Circuit have adopted this view. See, e.g., Rolls-Royce Corp. v. Alcor Engine Co., 2007 U.S. Dist. LEXIS 24882, 32-36 (S.D. Ind. 2007) ("The submission of counterclaims--permissive or compulsory--does not confer personal jurisdiction over [the defendant] in this district."); Israel Travel Advisory Serv. v. Israel Identity Tours, 1992 U.S. Dist. LEXIS 16937 (N.D. Ill. 1992) ("This court adopts the majority view that filing a counterclaim, whether permissive or compulsory, does not by itself waive a personal jurisdiction defense that is asserted in the same pleading.")

This court agrees with the majority view and holds that Heritage's filing a counterclaim did not otherwise waive its objection to the court's jurisdiction that it raised as an affirmative defense in

6

its answer. A ruling to the contrary would essentially engraft a judicial exception to Rule 12(b) by requiring "a defendant to raise his jurisdictional defenses by motion when he intends to file a counterclaim in his responsive pleading." Rates Tech, 399 F.3d at 1308 (quoting Neifeld, 438 F.2d at 428-29).

Therefore, the court concludes that WRH did not properly serve Heritage with a copy of the summons and complaint in the original state court action, and that Heritage did not otherwise waive its objection to this jurisdictional defect. It is unfortunate that the matter was not raised by motion earlier, thus saving the parties the time and expense of discovery and filing motions for summary judgment. However, without having personal jurisdiction over the defendant, the court's ruling on the merits of the summary judgment motions would be a nullity.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for summary judgment is denied without prejudice, and the defendant's motion for summary judgment is granted on the ground of lack of personal jurisdiction over the defendant, but **denied without prejudice** on all other grounds.

**IT IS FURTHER ORDERED** that the plaintiff's complaint and the defendant's counterclaim are dismissed without prejudice based on the court's lack of jurisdiction over Heritage Development of Wisconsin, LLC., all without costs to either party.

Dated at Milwaukee, Wisconsin this 29th day of June, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge